[Civ. No. 4280. Third Appellate District.—May 16, 1931.]

E. V. REED, Appellant, v. HETTIE REESE, Respondent.

E. H. Woodard and S. C. Schaefer for Appellant.

Lloyd S. Nix for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—The defendant had judgment in the trial court, from which judgment the plaintiff appeals upon the judgment-roll alone.

The complaint alleges that within two years preceding the beginning of the action the plaintiff performed certain services in and about the business affairs of the defendant, at her special instance and request, and upon her promise to pay therefor; that the defendant promised and agreed to pay the plaintiff the sum of $23,570, and that no part of said sum has been paid, etc. A second count in the complaint alleged in substance the matters contained in the first count, · and in addition thereto alleged that the services performed by the plaintiff were reasonably worth the sum of $23,570. The answer of the defendant denied that the plaintiff performed any services at her special instance and request. Admitted that the plaintiff was to be paid commissions in the event that he succeeded in the sale of certain real estate. Admits that the plaintiff performed certain services in connection with the attempted or proposed sale of certain real estate, for which he was to be paid a commission in the event of a sale; that the services performed by him were at his own request; that no sale of real estate was made by the plaintiff, and no commissions earned. As a separate and further defense the defendant alleged that the plaintiff had been paid in full and accepted satisfaction in full for all services rendered. The findings of the court are as follows: "That defendant Hettie Reese is a resident of the county of Los Angeles, State of California, and was such at the time of the filing of the complaint herein. That within two years last past, plaintiff did not perform any services in or about the business or affairs of defendant at her special instance or request, or upon her

promise to pay therefor. That said defendant did not promise or agree to pay plaintiff for any services performed by plaintiff the sum of $23570., or any other sum; that within two years prior to the commencement of this action plaintiff performed certain services in and about the business or affairs of defendant at plaintiff's own instance and request, and for a number of months within said period of two years plaintiff acted as trustee in holding real and other property for defendant; that such services were rendered at the suggestion of plaintiff and at his request and under an agreement with defendant that plaintiff would receive commission as a real estate broker on any sales made by him of any of the real property so held in trust; that while such real property was so held in trust, portions thereof were offered for sale by plaintiff, but none was sold; that defendant did not promise nor agree to pay plaintiff for said or any services the sum of $23570., or any other sum; that said defendant did not promise nor agree to pay plaintiff the reasonable value of any services which have been rendered by plaintiff, and that defendant made no promise to pay anything to plaintiff for his services, except upon consummation of sales of real property; that the services rendered by plaintiff to defendant were not reasonably worth the sum of $23570., nor any other sum; that plaintiff has received full compensation for all services rendered by the plaintiff for defendant; that defendant at no time refused to carry out her agreement to pay to plaintiff commissions as a real estate broker or agent in case he should sell any of said real property for defendant; that said agreement to pay commission was prior to the filing of the complaint herein abrogated and annulled by mutual consent of the parties hereto.'' From these findings conclusions of law were drawn that the plaintiff was not entitled to recover any sum whatsoever. Judgment was entered accordingly in favor of the defendant.

Appellant insists that the findings are inconsistent in that they set forth that no services were rendered at the instance and request of the defendant, and that finding No. 3 shows that the plaintiff did perform certain services in acting as trustee for the defendant in holding property while the same was in his hands for sale. We see no inconsistency in the findings. Whatever services were per-

formed by the plaintiff with respect to holding the property is satisfactorily shown to have been performed by the plaintiff at his own instance and request. Whether the plaintiff was a licensed real estate broker and authorized to sell real estate upon a commission is wholly immaterial in so far as any questions are presented for our determination. It satisfactorily appears from the findings that certain property was placed in the hands of the plaintiff to be sold upon commission, and that he was to be paid commissions only upon sales being made. The findings show that no sales were made. The findings also show that the agreement with regard to paying commissions for sales was abrogated and annulled by the mutual consent of the parties.

This cause being presented to us upon the judgment-roll alone is, of course, an admission by the appellant that the findings are sufficiently sustained by the evidence, and a reading of the findings leads us to the conclusion that the plaintiff's cause of action is wholly without merit, and that the judgment of the trial court should be affirmed. And it is so ordered.